**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-73 |
| | ) | |
| DENNIS M. MORGAN | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Dennis M. Morgan's Motion to Dismiss the Indictment charging him with failing to register as a sex offender after traveling in interstate or foreign commerce. The basis of the Defendant's Motion is that the statute under which he is charged, the Sex Offender Registration and Notification Act (SORNA), violates the United States Constitution, specifically the Commerce Clause and the Tenth Amendment.

## BACKGROUND

The parties do not dispute the following facts: On September 5, 2007, the Defendant was convicted in Florida of attempted lude or lascivious molestation, a second degree felony. He was sentenced to two years community control followed by ten years of probation, which required him to register as a sex offender in the State of Florida. The Defendant registered in September 2007, but in November a Florida court issued a warrant for his arrest after he absconded.

Almost one year later, in September 2008, the Defendant was arrested in Fort Wayne, Indiana. At the time of his arrest, he was not registered with the Allen County and Indiana Sex Offender Registries. On September 24, the Government filed a single count Indictment against the Defendant, charging him with violating 18 U.S.C. § 2250. The Indictment charges that on or about September 2007 to September 16, 2008, the Defendant, who is a person required to

register under SORNA, did travel in interstate commerce, and knowingly failed to register or update a registration as required by that Act. (Indictment, DE 11.)

On October 24, the Defendant moved to dismiss the Indictment [DE 19], arguing that Congress lacks the authority under the Commerce Clause to require individuals convicted of state sex offenses to register as sex offenders, and that SORNA violates the Tenth Amendment by impermissibly encroaching upon states' powers. On November 25, the Government responded, asserting that SORNA is a valid exercise of Congressional power under the Commerce Clause, and that the Defendant does not have standing to assert a Tenth Amendment challenge because he has not suffered any injury as a result of the requirements placed on state officials. The Defendant filed a reply brief on December 1 to state that he was not submitting any further argument and was standing on those arguments already presented in his original Motion to Dismiss.

## DISCUSSION

**A.    SORNA**

On July 27, 2006, the President approved Title I of the Adam Walsh Child Protection and Safety Act of 2006, including the Sex Offender Registration and Notification Act. SORNA generally requires the states to conform their sex offender registration laws to the SORNA requirements at the risk of losing federal funding. SORNA imposes registration requirements on sex offenders, requiring them to register and keep the registration current in each jurisdiction where the offender resides, where the offender is employed, and where the offender is a student. *See* 42 U.S.C. § 16913(a). A separate provision of SORNA, located in the criminal code,

subjects a person who is required to register under SORNA, who travels in interstate commerce, and who then fails to register to a maximum penalty of ten years imprisonment. 18 U.S.C. § 2250. Section 2250 provides, in relevant part, as follows:

> Whoever—
> (1) is required to register under [SORNA];
> (2)(A) . . .
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by [SORNA];
> shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The Defendant challenges both 42 U.S.C. § 16913, which sets out a sex offender's duty to register and to update the registry, and 18 U.S.C. § 2250, which sets criminal penalties for sex offenders who travel in interstate commerce and knowingly fail to register or update their registration, as unconstitutional exercises of Congressional power.

**B.      Section 2250 and the Commerce Clause**

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000). The Commerce Clause permits Congress to "regulate Commerce with foreign Nations, and among the several states." U.S. Const. art. I, § 8, cl. 3. Congress may regulate three broad categories of activities under the Commerce Clause: (1) "the use of the channels of interstate commerce," (2) the use of "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities," and (3) "those activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558–59

(1995).

In *Lopez*, the Court held that a federal statute prohibiting possession of a firearm near a school did not fall within the first two categories the Court identified, and did not have a substantial relationship to federal commerce, and was thus unconstitutional. The act did not regulate a commercial activity and did not contain any requirement that the possession of the firearm be connected in any way to interstate commerce. The statute did not contain a jurisdictional element. *Id.* at 561. Likewise, the Violence Against Women Act, which was struck down by the Supreme Court in *Morrison*, did not contain a jurisdictional element. 529 U.S. at 613 (noting that this deficiency existed even though the Court made it clear in *Lopez* that such jurisdictional element would lend support to the argument that the statute was sufficiently tied to interstate commerce).

The Government maintains that Congress was acting pursuant to its authority to regulate persons or things, and that the interstate travel element necessary for a conviction is a jurisdictional trigger that places § 2250 firmly within a category over which Congress may exercise its commerce power. The Government submits that statutes with an explicit jurisdictional element are distinguishable from the statutes considered in *Lopez* and *Morrison*.

The Defendant argues that § 2250(a) does not fall within any of the three permissible categories identified by the Supreme Court in *Lopez* because, although the statute requires that an individual actually travel in interstate commerce before he can be charged with violating the statute, "it does not require that the accused travel in interstate commerce with the intent to violate the statute." (Def. Mem. 3, DE 20.)

District courts upholding the constitutionality of § 2250 against Commerce Clause

challenges have concluded that different prongs of *Lopez* are satisfied. *See, e.g., United States v. Trent*, 568 F. Supp. 2d 857, 863 (S.D. Ohio 2008) (concluding that § 2250 "is a valid regulation of the channels of commerce, the first category of permissible regulation under *Lopez*"); *United States v. Thomas*, 534 F. Supp. 2d 912, 918 (N.D. Iowa 2008) ("Section 2250 falls squarely within the second *Lopez* category."); *United States v. Mason*, 510 F. Supp. 2d 923, 932 (M.D. Fla. 2007) (holding that Section 2250(a) is facially constitutional "because it falls within the second category set forth in *Lopez*"); *United States v. Holt*, 2008 WL 1776495, *3 (S.D. Iowa Apr. 18, 2008) (finding that a "rational basis exists for concluding that the activity regulated by SORNA substantially affects interstate commerce") (collecting cases including *Unites States v. Madera*, 474 F. Supp. 2d 1257, 1265 (M.D. Fla. 2007)).

Support for distinguishing SORNA from the statutes in *Lopez* and *Morrision* can also be found in the few appellate decision that have addressed the constitutionality of SORNA. The Court of Appeals for the Eighth Circuit held that, because a conviction under SORNA requires the government to prove that the defendant traveled in interstate or foreign commerce and thereafter failed to register, "SORNA thus derives its authority from each prong of *Lopez*—and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008). The *May* court added:

> It has been long established Congress may forbid or punish use of interstate commerce "as an agency to promote immorality, dishonesty or the spread of any evil or harm to the people of other states from the state of origin." *Brooks v. United States*, 267 U.S. 432, 436 (1925). Congressional regulation of the channels of interstate commerce has also been upheld when the punishment "was intended to prevent the use of interstate commerce to facilitate . . . forms of immorality." *Id.* at 437 (citation omitted). SORNA contains a sufficient nexus to interstate commerce.

*Id.* at 921–22 (parallel citations and parenthetical regarding emphasis omitted). The court reasoned that *Lopez* and *Morrison* did not govern for two reasons. First, neither of the statutes in those cases contained a jurisdictional hook, while SORNA includes an express and clear jurisdictional element. Second, *Lopez* and *Morrison* related to the third *Lopez* prong, while SORNA is "more easily supported by the first and second *Lopez* prongs." 535 F.3d at 922. More recently, the Tenth Circuit held that the third *Lopez* prong, which was used in *Lopez* and *Morrison* to examine statutes in which Congress attempts to prohibit purely intrastate activity, did not apply to SORNA because Congress "clearly intends to regulate interstate activity, *i.e.*, the evasion of sex offender registration requirements by sex offenders who have crossed jurisdictional lines." *United States v. Lawrance*, — F.3d —, 2008 WL 5123846, at *6 (10th Cir. Dec. 8, 2008) (rejecting the Defendant's Commerce Clause argument because, "[w]ith SORNA, Congress clearly and validly proscribed such evasive tactics by offenders who move across state lines"); *see also United States v. Hinckley*, — F.3d —, 2008 WL 5146353, at *12 (10th Cir. Dec. 8, 2008) (distinguishing *Lopez* and *Morrison* because the defendant was a person in interstate commerce and used the channels of interstate commerce, bringing his conduct within the first or second of the *Lopez* prongs and making its effect on interstate commerce under the third prong irrelevant).

The Seventh Circuit has not yet addressed a Commerce Clause challenge to SORNA. However, in *United States v. Dixon*, — F.3d —, 2008 WL 5273535, at *3 (7th Cir. Dec. 22, 2008), the court noted that the defendant's contention "that the movement of a person as distinct from a thing across state lines is not 'commerce' within the meaning of the Constitution's commerce clause" was without merit. In doing so, the court pointed to the Mann Act, 18 U.S.C.

§§ 2421 *et seq.*, which makes it a federal offense to transport an individual in interstate commerce with the intent to engage that person in prostitution or other illegal sexual activity. *Id.* Elsewhere in its opinion, which was foremost a discussion about the Ex Post Facto Clause, the court recognized that the statutory aim of SORNA was to "prevent a convicted sex offender from circumventing registration by leaving the state in which he is registered," *id.* at *2, and "that subsection (a)(2)(B) is designed to establish a constitutional predicate for the statute (just as movement in commerce is the constitutional predicate for the felon in possession law)," *id.* at *3.[1]

The Defendant himself acknowledges that the penalty provision of SORNA contains a jurisdictional hook. But he argues that this is not sufficient because the statute does not require that he travel interstate with an intent to violate SORNA. The Defendant has not stated the source of this intent requirement, and his argument is weakened by the presence of other valid statutes that are enacted pursuant to the Commerce Clause but do not contain such a requirement. One district court noted as follows in response to a defendant's argument that the Commerce Clause requires that an individual traveling in interstate commerce must intend to avoid registering:

> Defendant raises a valid concern, but overstates the problem. There is no constitutional requirement under the second prong [of *Lopez*] that the "person[ ] or thing [ ] in interstate commerce" travels with intent or is moved with intent to commit a crime. *See* [*Lopez*, 514 U.S. at 558]. In fact, a plethora of statutes lacking an element of intent have been found constitutional under the second prong. The series of statutes which turn the possession of a gun into a federal

---

[1] The Seventh Circuit has previously used the inclusion of an explicit interstate nexus in the felon in possession statute to distinguish it from the statutes found unconstitutional in *Lopez* and *Morrison. See United States v. Juarez*, 454 F.3d 717, 719 (7th Cir. 2006) (noting that the Seventh Circuit has rejected Commerce Clause challenges to 18 U.S.C. § 922(g) on several occasions because the "statute's inclusion of a jurisdictional element insulates it from constitutional attack under the reasoning of [*Lopez*] and [*Morrison*]).

offense if the gun has traveled in interstate commerce is paradigmatic. *See, e.g.*, 18 U.S.C. § 922; *United States v. Teleguz*, 492 F.3d 80, 87 (1st Cir. 2007); *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995); [*United States v.*] *Cardoza*, 129 F.3d [6,] 10–11 [(1st Cir. 1997)].

*United States v. Ditomasso*, 552 F. Supp. 2d 233, 247 (D.R.I. 2008). Congress may regulate convicted sex offenders as they move around the country "regardless of the impetus for their movement in interstate commerce." *Unites States v. Shenandoah*, 572 F. Supp. 2d 566, 576 (M.D. Pa. 2008) (citing *United States v. Mason*, 510 F. Supp. 2d 923, 931–32 (M.D. Fla. 2007)). "In other words, Congress's ability to regulate 'persons in interstate commerce' is not dependant upon the intent of those persons to engage in criminal activity." *Shenandoah,* 572 F. Supp. 2d at 576–77 (quoting *Lopez*, 514 U.S. at 558); *Mason*, 510 F. Supp. 2d at 932 (holding that the defendant's facial challenge to § 2250 was "without merit because Congress may regulate those individuals or things that travel in interstate travel without regard for the reason for their movement").

Pursuant to 18 U.S.C. § 2250(a)(2)(B), SORNA's reach is limited to an offender who is convicted under state law and who "travels in interstate or foreign commerce, or enters or leaves or resides in Indian country." This jurisdiction element limits the statute to instances of failing to register that actually involves interstate commerce. The Court denies the Defendant's motion to dismiss the Indictment on grounds that § 2250 must include an intent element.

## C.     Registration Requirements and the Commerce Clause

The Defendant submits that the registration requirements of 42 U.S.C. § 16913 are more problematic than the criminal provision because the registration section lacks any jurisdictional element. The Defendant contends that because this provision imposes a federal duty on any

individual convicted of a sex offense to register or update his sex offender registration regardless of whether he has traveled in interstate commerce or was convicted of a federal offense, it is not sustainable under any of the *Lopez* prongs.

A person's failure to register cannot be enforced without the criminal penalty provision, and there can be no criminal penalty unless the person required to register under SORNA first travels in interstate commerce. When SORNA is viewed in its entirety, the jurisdictional requirement of interstate commerce for criminal prosecution brings the registration requirements set forth in § 16913 under the umbrella of the Commerce Clause. *United States v. Hann*, 574 F. Supp. 2d 827, 835 (M.D. Tenn. 2008).

Even if the Court considered the registration requirement separate and apart from the criminal provision (an approach rejected by several district courts, *see United States v. Pena,* — F. Supp. 2d —, 2008 WL 4642167 (W.D. Tex. Oct. 20, 2008) (collecting cases)), it would find that the registration provision is reasonably adopted to meet the Congressional purpose of monitoring sex offenders who cross state lines. Thus, the registration requirements are authorized by the Necessary and Proper Clause, which grants Congress power to "make all Laws which shall be necessary and proper" for executing its other enumerated powers. U.S. Const. art. I, § 8, cl. 18. In conjunction with the Commerce Clause, the Necessary and Proper Clause permits Congress to "regulate even those intrastate activities that do not themselves substantially affect interstate commerce," so long as the Congressional enactment is "necessary to make a regulation of interstate commerce effective." *Gonzales v. Raich*, 545 U.S. 1, 35 (2005) (Scalia, J., concurring).

The registration requirements of § 16913 are permissible exercises of Congressional

authority. Accordingly, the Court does not grant the Defendant's Motion to Dismiss his

Indictment on the basis that the statute violates the Commerce Clause.


**D.      The Tenth Amendment**

The Tenth Amendment states: "The powers not delegated to the United States by the

Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the

people." U.S. Const. amend. X. The Defendant argues that SORNA's registration requirements

"essentially force the state officials who run the local registries to accept federally required sex

offender registrations before the state chooses to adopt SORNA provisions voluntarily" (Def.

Mem. 7–8, DE 20.) He contends that this is similar to a law the Supreme Court struck down

because it required local law enforcement officials to conduct background checks of prospective

handgun purchasers. *See Printz v. United States*, 521 U.S. 898 (1997).

The Court finds no basis under the Tenth Amendment to dismiss the Indictment against

the Defendant. As noted by a New York district court, the "Defendant's argument has been

uniformly rejected by each court to consider the Tenth Amendment claim as applied to

SORNA." *United States v. Hall*, 577 F. Supp. 2d 610, 616 (N.D.N.Y. 2008) (collecting cases).

Unlike the law enforcement officials in *Printz*, the state sex offender registry officials have not

been required to do anything in addition to what they were already required under their own state

laws. Indiana officials are already required to collect the registration information for individuals

convicted of sex offenses who are residents of Indiana. *See* Ind. Code §§ 11-8-8 *et seq.*

Additionally, when Congress acts pursuant to an enumerated power, such as the Commerce

Clause, there can be no violation of the Tenth Amendment. *United States v. Wilson*, 159 F.3d

280, 287 (7th Cir. 1998); *United States v. Vasquez*, 576 F. Supp. 2d 928 (N.D. Ill. 2008).


## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 19] is DENIED. A

jury trial and telephonic pretrial conference will be set by the Court.

SO ORDERED on December 31, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
